IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COREY LYNN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-300-KOB |
| | ) |
| DESHAZO CRANES, LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

The matter comes before the court on Defendant DeShazo, LLC's "Motion to Dismiss or, In The Alternative, Motion for Summary Judgment." (Doc. 11). In its motion, DeShazo moves to dismiss Mr. Wilson's employment discrimination claims as either untimely or procedurally deficient. Deshazo also moves for dismissal, or alternatively for summary judgment, on what appears to be a breach-of-contract claim included in Mr. Wilson's *pro se* employment discrimination complaint. Mr. Wilson filed no response.

For the reasons discussed below, the court GRANTS DeShazo's motion to dismiss. The court DISMISSES WITH PREJUDICE Mr. Wilson's racial discrimination and retaliation claims. The court DISMISSES WITHOUT PREJUDICE Mr. Wilson's claims for employment discrimination on the basis of color, religion, and age. Having dismissed all the federal claims in Mr. Wilson's complaint, the court DISMISSES WITHOUT PREJUDICE any and all remaining claims for lack of subject matter jurisdiction.

### I. Factual Background

Plaintiff Mr. Wilson previously brought an employment discrimination lawsuit against Defendant DeShazo in this court in April 2016. (Case No. 2:16-cv-705-RDP, Doc. 1). Upon the

parties' joint stipulation of dismissal, the court dismissed with prejudice all claims against DeShazo in October 2016. (Case No. 2:16-cv-705-RDP, Doc. 13).

Mr. Wilson began working at FAB ARC on March 15, 2017. (Doc. 11-1 at 3). He alleges FAB ARC fired him on April 27, 2017, after one of its Human Resources representatives spoke with a Human Resources representative at DeShazo. (*Id.*).

Mr. Wilson began working at MacLellan Maintenance & Engineering on May 5, 2017. (Doc. 11-1 at 3). He alleges MacLellan fired him on June 2, 2017 after his supervisor spoke with someone at DeShazo. (*Id.*).

Mr. Wilson filed a charge of discrimination with the EEOC on June 16, 2017. (Doc. 11-1). Mr. Wilson's EEOC charge alleges racial discrimination and retaliation against Defendant DeShazo, as well as non-parties to this suit FAB ARC and MacLellan Maintenance & Engineering.

Mr. Wilson received his right-to-sue letter from the EEOC on October 18, 2018, and he filed this lawsuit on February 19, 2019. (Doc. 1). Mr. Wilson's complaint alleges that DeShazo, by divulging details about Mr. Wilson or his lawsuit against it, discriminated against him on the basis on race, color, religion, and age; retaliated against him for engaging in behavior protected under Title VII; and potentially violated their settlement agreement in the first lawsuit.

**II. Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). The Supreme Court explained that "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. (citation omitted).*

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

### III. Discussion

Mr. Wilson's complaint can be divided into at least three categories of allegations: (1) color, religion, and age discrimination claims that do not appear in his EEOC charge; (2) race discrimination and retaliation claims that appear in his EEOC charge; and (3) breach-of-contract claims. The court addresses each in turn.

*A. Deficiency of Mr. Wilson's Color, Religion, and Age Discrimination Claims*

To exhaust all administrative remedies, a plaintiff must file a charge of discrimination with the EEOC prior to filing a Title VII action. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). This requirement allows the EEOC the opportunity to investigate the claims first, limiting the scope of the plaintiff's lawsuit to claims included in the charge. *Id.* Though EEOC charges can be liberally construed, "a plaintiff's civil complaint remains 'limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Green v. Elixir Industries, Inc.*, 152 Fed. App'x 838, 840 (11th Cir. 2010) (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)).

Here, Mr. Wilson's EEOC charge does not make a single mention of discrimination based on color, religion, or age; instead, it only includes race and retaliation as the alleged causes of discrimination. (Doc. 11-1 at 2–3).

The court concludes that an EEOC investigation of discrimination based on color, religion, or age could not reasonably be expected to grow out of Mr. Wilson's EEOC charge and limits the scope of Mr. Wilson's complaint to the charges the EEOC has had an opportunity to investigate—i.e., race discrimination and retaliation. So the court DISMISSES WITHOUT PREJUDICE Mr. Wilson's color, religion, and age discrimination claims for failure to exhaust his administrative remedies prior to filing this lawsuit.

*B. Timeliness of Mr. Wilson's Race Discrimination and Retaliation Claims*

Mr. Wilson included allegations of race discrimination and retaliation in his EEOC charge, exhausting his administrative remedies as to those claims. But upon receipt of his EEOC right-to-sue letter, a plaintiff has 90 days to file a complaint. 42 U.S.C. § 2000e-5(f)(1).

Mr. Wilson received his right-to-sue letter on October 18, 2019, but did not file this lawsuit until February 19, 2019, 123 days later. So the court DISMISSES WITH PREJUDICE Mr. Wilson's race discrimination and retaliation claims included in his EEOC charge as untimely.

*C. Subject Matter Jurisdiction on Potential Breach-of-Contract Claim*

Despite Mr. Wilson's complaint making use of the court's template complaint for *pro se* plaintiffs filing an employment discrimination action, Mr. Wilson's also alleges Defendant Deshazo "broke the agreement from the old case from 2015," presumably referring to the settlement agreement resulting from Mr. Wilson's prior lawsuit against DeShazo. (Doc. 1 at 6).

DeShazo asks this court to dismiss this breach-of-contract claim for failure to state a claim upon which relief can be granted, or alternatively to enter judgment against Mr. Wilson. (Doc. 11 at 5–6).

But without his federal employment discrimination claims, Mr. Wilson's complaint fails to establish this court's subject matter jurisdiction over his breach-of-contract claim. So the court DISMISSES WITHOUT PREJUDICE Mr. Wilson's breach-of-contract claim.

IV. **Conclusion**

For the reasons discussed above, the court GRANTS DeShazo's motion to dismiss. The court DISMISSES WITH PREJUDICE Mr. Wilson's racial discrimination and retaliation claims. The court DISMISSES WITHOUT PREJUDICE Mr. Wilson's claims for employment discrimination on the basis of color, religion, and age. Having dismissed all the federal claims in Mr. Wilson's complaint, the court DISMISSES WITHOUT PREJUDICE any and all remaining claims for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this 17th day of June, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE